1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    THERESA BROOKE,                          Case No.  19-cv-00411-SVK

8                      Plaintiff,             **ORDER ON MOTION TO DISMISS**

9          v.                                 Re: Dkt. No. 21

10   AJU HOTEL SILICON VALLEY LLC,

11                     Defendant.

12          In this case, Plaintiff Theresa Brooke alleges that Defendant AJU Hotel Silicon Valley

13   LLC, which owns and/or operates the Westin San Jose hotel, violates the Americans with

14   Disabilities Act ("ADA") and the California Unruh Civil Rights Act because the hotel does not

15   offer an ADA accessible room corresponding to each non-accessible room type it offers.

16   Specifically, Plaintiff alleges that the Westin San Jose does not offer an accessible "studio king"

17   room even though it offers non-accessible "studio king" rooms.  Dkt. 7 (First Amended Complaint

18   ("FAC")) ¶ 11.  Defendant now seeks to dismiss the FAC pursuant to Federal Rules of Civil

19   Procedure 12(b)(1) and 12(b)(6).  Dkt. 21.  The Court held a hearing on August 27, 2019.  After

20   considering the parties' submissions, arguments made at the hearing, the case file, and relevant

21   law, the Court hereby DENIES Defendant's motion to dismiss the FAC under Rule 12(b)(1) and

22   GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss the FAC under Rule

23   12(b)(6), for the reasons discussed blow.

     **I.     BACKGROUND**

24          Plaintiff Theresa Brooke, a resident of Arizona, ambulates with the aid of a wheelchair due

25   to the loss of a leg.  Dkt. 7 (First Amended Complaint ("FAC")) ¶ 1.  Plaintiff claims that she and

26   her husband travel frequently to California and that they planned to visit the South Bay around

27   Easter of 2019.  Id. ¶ 9.  Plaintiff alleges that in anticipation of her trip, she went to the website of

28

*United States District Court*
*Northern District of California*

Defendant's Westin San Jose hotel "to rent rooms" and "to check compliance with disability access rules." *Id.* ¶ 11. According to Plaintiff, she found that "Defendant's hotel does not offer 'Studio king rooms' that are ADA accessible even though such rooms are offered that are *non-accessible* and available for able-bodied persons." *Id.* Plaintiff alleges that "Studio king rooms offer more space and amenities than Defendant's standard and other suite rooms." *Id.*

On January 23, 2019, Plaintiff filed this action, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA") and its implementing regulations, as well as the California Unruh Civil Rights Act, California Civil Code §§ 51, 52. Dkt. 1. On February 21, 2019, Plaintiff filed the FAC. Dkt. 7. Defendant now moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 21. Plaintiff opposes the motion. Dkt. 27. Together with its reply brief, Defendant submitted a declaration from its attorney, Philip Stillman, containing information regarding (1) Defendant's alleged compliance with ADA requirements regarding the *number* of ADA accessible rooms; and (2) the alleged dispersion of ADA accessible rooms among the *types* of guest rooms offered by Defendant. Dkt. 31-1. On September 3, 2019, a week after the hearing, Defendant filed a declaration from Stephen Santana, the manager of the Westin San Jose, concerning the availability of ADA accessible rooms at the hotel. Dkt. 41.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. A challenge to a plaintiff's Article III standing is properly challenged by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the plaintiff's lack of standing, the plaintiff must then "present affidavits or

2

any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health and Human Svcs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (citation omitted).

**B.      Rule 12(b)(6)**

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008)[1].  In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**C.      2010 ADA Standards**

Plaintiff's ADA claim is premised on an alleged violation of the 2010 ADA Standards for Accessible Design (the "2010 Standards").[2]  FAC ¶¶ 13, 20-22.  Among the 2010 Standards are Section 224.5, which sets forth the following "dispersion" requirements for transient lodging guest

---

[1] A court may convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, thereby enabling the court to consider matters outside the pleadings.  *See* Fed. R. Civ. Proc. 12(d).  This approach was discussed with the parties at the hearing.  However, because the Court finds that the FAC fails to state a claim on its face and is subject to dismissal under Rule 12(b)(6) on that basis, the Court finds that it is not necessary at this time to consider the additional evidence presented by Defendant.

[2] Available at https://www.ada.gov/2010ADAstandards_index.htm.

1   rooms:

> Guest rooms required to provide mobility features complying with 806.2 and guest rooms required to provide communication features complying with 806.3 shall be **dispersed among the various classes of guest rooms**, and shall provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests. **Where the minimum number of guest rooms required to comply with 806 is not sufficient to allow for complete dispersion, guest rooms shall be dispersed in the following priority: guest room type, number of beds, and amenities**. At least one guest room required to provide mobility features complying with 806.2 shall also provide communication features complying with 806.3. Not more than 10 percent of guest rooms required to provide mobility features complying with 806.2 shall be used to satisfy the minimum number of guest rooms required to provide communication features complying with 806.3.

2010 Standards § 224.5 (emphasis added).  An advisory note to Section 224.5 states:

> Factors to be considered in providing an equivalent range of options may include, but are not limited to, room size, bed size, cost, view, bathroom fixtures such as hot tubs and spas, smoking and nonsmoking, and the number of rooms provided.

Advisory Note to 2010 Standards § 224.5.

More generally, the 2010 Standards provide that "[n]othing in these requirements prevents the use of designs, products, or technologies as alternatives to those prescribed, provided they result in substantially equivalent or greater accessibility and usability."  2010 Standards § 103.

**III.    DISCUSSION**

    **A.    First Cause of Action:  Violation of the ADA**

        **1.    Rule 12(b)(1)**

Defendant argues that the FAC should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks Article III standing and therefore the Court lacks subject matter jurisdiction.  *See* Dkt. 21 at 3-10.  The essence of Defendant's standing argument is that Plaintiff did not suffer an injury in fact, as required for Article III standing, because Defendant did not violate Section 224.5 of the 2010 Standards, which is the basis for Plaintiff's claim.  *See* Dkt. 31 (Reply) at 2-4. Defendant submitted a declaration of counsel in connection with its reply brief, as well as a declaration from the manager of the Westin San Jose following the hearing, concerning the availability of ADA accessible rooms at the hotel.  Dkt. 31-1; Dkt. 41.  The Court understands

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1  from this submission of evidence extrinsic to the FAC that Defendant is making a factual attack on

2  the Court's subject matter of jurisdiction.[3]

3         Defendant frames its motion as a jurisdictional challenge, arguing that the Court lacks

4  subject matter jurisdiction because Defendant is allegedly in compliance with the ADA's

5  requirements for the dispersal of accessible rooms.  *See* Dkt. 31 at 4 (arguing that Plaintiff has

6  failed to carry burden of showing an injury in fact, as required for standing to sue, because she

7  "does not give any explanation regarding why *only* that [studio king] room would suffice or how

8  the availability of comparable rooms were so substantively different so as to constitute denial of

9  'full and complete access' to the hotel" (emphasis in original)).  However, as the Supreme Court

10  has noted, the concept of subject matter jurisdiction over a controversy is "sometimes confused or

11  conflated" with the concept of "the essential ingredients of a federal claim for relief."  *Arbaugh v.*

12  *Y&H Corp.*, 546 U.S. 500, 503 (2006).  A federal court has subject matter jurisdiction over all

13  civil actions "arising under" the laws of the United States.  *Id.*  The ADA fits that description.  The

14  question therefore is whether the dispersion requirements under the 2010 Standards "affects

15  federal-court subject matter jurisdiction or, instead, delineates a substantive ingredient" of a claim

16  for relief under the ADA.  *Id.*  Defendant has cited no authority suggesting that the dispersion

17  requirements are jurisdictional.  Instead, those requirements appear in regulations that "do not

18  speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."  *See*

19  *Arbaugh*, 546 U.S. at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

20  If in fact the dispersion requirements are an element of a claim for relief, rather than a

21  jurisdictional prerequisite, the trial court is not authorized to review the extrinsic evidence or

22  resolve a dispute concerning that requirement on a motion challenging subject matter jurisdiction.

23  *See Arbaugh*, 546 U.S. at 514.

24

25  [3] Where a defendant makes a factual attack on jurisdiction, Plaintiff, who bears the burden of
    establishing that the Court has subject matter jurisdiction, must provide declarations or other
26  evidence establishing that jurisdiction exists.  *See Colwell*, 558 F.3d at 1121.  Because
    Defendant's evidence was submitted with its reply brief and after the hearing, rather than its
27  original motion, the Court recognizes that Plaintiff did not have an opportunity to submit the
    necessary evidence to satisfy her burden of establishing that she has standing.  Because the Court
28  rejects Defendant's factual challenge to subject matter jurisdiction, however, it is not necessary for
    Plaintiff to provide evidence in response to Defendant's extrinsic evidence at this time.

United States District Court
Northern District of California

In addition, the court should not weigh and decide disputed facts on a Rule 12(b)(1) jurisdictional challenge where the jurisdictional issue is intertwined with the merits of the case. *Safe Air for Everyone*, 373 F.3d at 1039. Jurisdictional issues are intertwined with the merits of the case where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (citation omitted).

Here, at a minimum, Defendant's jurisdictional argument—which asserts that Plaintiff has not suffered an injury in fact because Defendant allegedly complies with the ADA's dispersion requirements—is intertwined with the merits of the case. Accordingly, the Court will not weigh and resolve disputed facts in the context of a Rule 12(b)(1) motion and therefore DENIES the Rule 12(b)(1) motion.

### 2.     Rule 12(b)(6)

Defendant also argues that the FAC should be dismissed under Rule 12(b)(6) for failure to state a claim. Dkt. 21 at 9. As discussed above, Plaintiff's ADA claim is premised on Defendant's alleged violation of Section 224.5 of the 2010 Standards. *See* FAC ¶¶ 4, 13. Specifically, Plaintiff repeatedly claims that Defendant violated the ADA by failing to offer the same selection of guest rooms to disabled guests that are available to non-disabled guests:

- "Defendant's hotel violates Section 224.5 of the 2010 Standards of Accessible Design because it does not have ADA guest rooms dispersed among the various classes of guest rooms and does not provide the ***same choices of types of guest rooms***." FAC ¶ 4 (emphasis added).

- "Plaintiff also seeks equality in the selection of ***the same type of lodging rooms*** that are available to able-bodied persons." *Id.* ¶ 10 (emphasis added).

- "Studio king rooms offer more space and amenities than Defendant's standard and other suite rooms, but they do not make ***such rooms*** offered or available for disabled persons, and so Defendant discriminates in the room-type choices between disabled and able-bodied persons." *Id.* ¶ 11 (emphasis added).

- "Section 224.5 of the 2010 Standards of Accessible Design requires that hotels 'shall provide choices of guest rooms, number of beds, and other amenities

United States District Court
Northern District of California

comparable to the choices provided to other guests.'  Defendant does not provide the ***same room-type choices*** for disabled persons as it does for able-bodied persons." *Id.* ¶ 13 (emphasis added).

- "Had Defendant provided equality and allowed Plaintiff ***the same choices*** as able-bodied persons, which is required by Section 224.5 of the Standards, Plaintiff would have booked a room." *Id.* ¶ 14 (emphasis added).

These allegations fail to state a claim for violation of the ADA.  Section 224.5 does not require that a hotel offer the *same* room types to disabled and non-disabled visitors.  Instead, that section requires that accessible rooms be "*dispersed* among the various classes of guest rooms" and "provide choices of types of guest rooms, number of beds, and other amenities *comparable* to the choices provided to other guests." 2010 Standards § 224.5 (emphasis added).  If the drafters of Section 224.5 had intended to require a complete identity in the types of accessible and non-accessible rooms, they could have so stated, but instead they required only a dispersion of room types providing choices comparable to the choices provided to other guests.  *Id.*  Moreover, Section 224.5 expressly contemplates that "complete dispersion" is not required under certain circumstances because the regulation sets forth the priorities that govern a less-than-complete dispersion.  *Id.* (specifying dispersal "in the following priority: guest room type, number of beds, and amenities.").

Accordingly, Plaintiff's allegations concerning Defendant's failure to provide the same array of choices in accessible and non-accessible room types do not state a claim for violation of the ADA, and the Court GRANTS Defendant's motion to dismiss the ADA claim under Rule 12(b)(1).

## B.     Second Cause of Action:  Violation of the Unruh Act

Defendant also seeks dismissal of Plaintiff's Unruh Act claim.  *See* Dkt. 21 at 11-14. Plaintiff's Unruh Act claim is predicated on Defendant's alleged violation of the ADA.  FAC ¶ 25 ("Defendant has violated the Unruh [sic] by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.").  A violation of the ADA is, by statutory definition, a violation of the Unruh Act.  Cal. Civ. C. § 51(f).  Because the Court has

United States District Court
Northern District of California

1  dismissed the underlying ADA claim, the Court also DISMISSES the Unruh Act claim, which is

2  predicated on the alleged ADA violation.

3          For the parties' guidance in connection with any Second Amended Complaint that Plaintiff

4  may file, the Court also considers Defendant's argument that Plaintiff lacks standing to bring a

5  claim under the Unruh Act.  Defendant points to California Civil Code § 51(b), which affords

6  "[a]ll persons within the jurisdiction of this state" certain rights to full and equal accommodations

7  and facilities in all business establishments.  According to Defendant, Plaintiff does not have

8  standing under the Unruh Act because she is a resident of Arizona who did not visit Defendant's

9  hotel and therefore is not a "person within the jurisdiction of this state."

10          Plaintiff argues that standing under the Unruh Act is broad, and the remedies specified in

11  Civil Code § 52(a) are available to "any person."  Dkt. 27 at 4.  Plaintiff's interpretation of the

12  remedies statute of Section 52(a) is based on a selective reading of the statute and is contrary to

13  well-established law.  Plaintiff ignores that the relevant portion of Section 52(a) makes a remedy

14  available to "any person *denied the rights provided in Section 51, 51.5, or 51.6*" (emphasis

15  added).  Thus, to be entitled to a remedy under Section 52(b) for the alleged violation of Section

16  51, Plaintiff must show that she had rights under Section 51, which extends rights only to "persons

17  within the jurisdiction of this state," or other sections not relevant here.  Cal. Civ. C. § 51(b).  The

18  Unruh Act "by its express language applies only within California."  *Archibald v. Cinerama

19  Hawaiian Hotels, Inc.*, 73 Cal. App. 3d 152, 159 (1977); *see also Ebeid v. Facebook, Inc.*, No. 18-

20  cv-07030-PJH, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (dismissing Unruh Act claim

21  brought by resident of Arizona concerning alleged discrimination by website operator located in

22  California); *Perez v. Wells Fargo & Co.*, No. 17-CV-00454-MMC, 2017 WL 3314797, at *6

23  (N.D. Cal. Aug. 3, 2017) (dismissing Unruh Act claim brought on behalf of plaintiff residing in

24  Texas who applied for and was denied credit in Texas by a bank headquartered in California).

25  Plaintiff, who resides in Arizona and apparently accessed Defendant's website from Arizona,

26  suggests that she falls within the category of persons protected by Section 51 because she "visits

27  California quite often."  Dkt. 27 at 4.  However, "by its own terms, [Section 51(b)] is expressly

28  limited to discrimination that takes place within California's borders."  *Warner v. Tinder*, 105 F.

8

United States District Court
Northern District of California

1    Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing Unruh Act claim against California-based

2    operator of dating app brought by resident of Florida; citing cases).

3        Accordingly, because the Court has dismissed the ADA claim that is the predicate for

4    Plaintiff's Unruh Act claim, and because Plaintiff has not pleaded facts showing that she is a

5    "person[] within the jurisdiction of this state" for purposes of bringing an Unruh Act claim, the

6    Court GRANTS Defendant's motion to dismiss the Unruh Act claim.

**IV.   CONCLUSION**

       Defendant's motion to dismiss the FAC is GRANTED for the reasons set forth above and

the Court ORDERS as follows:

1. The FAC is dismissed with LEAVE TO AMEND.  If Plaintiff wishes to attempt to address the deficiencies identified in this order, and if she can do so in compliance with Rule 11 standards, she may file a Second Amended Complaint ("SAC") **within 14 days of the date of this order.**

2. Following the filing of a SAC, Defendant must file a response **within 14 days**.

3. If Defendant responds by filing a motion to dismiss the SAC, Plaintiff must file an opposition to that motion **within 14 days**.  Defendant may file a reply **within 7 days** of the filing of Plaintiff's opposition.  The Court will advise the parties if a hearing is necessary.

4. Discovery remains stayed pending a further order of the Court.

       **SO ORDERED.**

Dated: September 5, 2019

SUSAN VAN KEULEN
United States Magistrate Judge