UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>   Plaintiff,<br><br> v.<br><br>AJU HOTEL SILICON VALLEY LLC,<br><br>   Defendant. | Case No. 19-cv-00411-SVK<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 46 |

Following the Court's September 5, 2019 order granting Defendant AJU Hotel Silicon Valley LLC's motion to dismiss the first amended complaint ("FAC") with leave to amend (Dkt. 42), Plaintiff Theresa Brooke filed a second amended complaint ("SAC") (Dkt. 43). Now before the Court is Defendant's motion to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 46. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument. For the reasons discussed below, the Court DENIES Defendant's motion to dismiss Plaintiff's ADA claim and GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's Unruh Act claim.

**I. DISCUSSION**

The relevant factual background and the legal standards governing motions to dismiss are discussed in the Court's September 5, 2019 order on Defendant's motion to dismiss the FAC (Dkt. 42) and are not repeated here. As in its motion to dismiss the FAC, Defendant argues that Plaintiff lacks Article III standing in order to maintain her lawsuit and that for the same reason she fails to state a claim for violation of the ADA. Dkt. 46-1 at 5-11. Defendant also argues that Plaintiff lacks standing to bring suit under the Unruh Act. *Id.* at 11-14.

### A. ADA Claim

As it did in connection with its motion to dismiss the FAC, Defendant once again supplies extrinsic evidence in an attempt to demonstrate that the hotel that is the subject of this lawsuit satisfies Section 224.5 of the 2010 ADA Standards for Accessible Design, which requires "dispersion" of accessible guest rooms among the various classes of guest rooms. *See* Dkt. 46-2 (Declaration of Stephen Santana). As discussed in the Court's September 5, 2019 order, Defendant's jurisdictional argument—that Plaintiff has not suffered an injury in fact because Defendant allegedly complies with the ADA's dispersion requirement—is intertwined with the merits of the case, and the Court once again will not weigh and resolve disputed facts in the context of a Rule 12(b)(1) motion or convert the present motion to a motion for summary judgment. *See* Dkt. 42 at 3, 5-6. Accordingly, Defendant's motion to dismiss under Rule 12(b)(1) is DENIED.

The Court next addresses Defendant's argument that Plaintiff's ADA cause of action fails to state a claim and should be dismissed under Rule 12(b)(6). In its September 5, 2019 order, the Court held that the FAC failed to state an ADA claim because "Section 224.5 [of the 2010 ADA Standards] does not require that a hotel offer the *same* room types to disabled and non-disabled visitors" but instead requires that accessible rooms be "*dispersed* among the various classes of guest rooms" and "provide choices of types of guest rooms, number of beds, and other amenities *comparable* to the choices provided to other guests." Dkt. 42 at 7 (citing 2010 Standards § 224.5 (emphasis added)). The SAC likewise contains several allegations about being denied the "same" types of accommodations. *See, e.g.,* Dkt. 43 at ¶¶ 14, 15, 25. However, the SAC adds allegations that the accessible rooms available at Defendant's hotel are not "comparable" to non-accessible rooms in several respects. *See, e.g.,* Dkt. 43 at ¶¶ 5-6, 16-22. Accepting Plaintiff's allegations as true, as it must on a Rule 12(b)(6) motion, the Court finds that the ADA claim in the SAC sufficiently articulates a cause of action that the types of guest rooms available at Defendant's Hotel are not comparable and do not satisfy the requirements of Section 224.5 of the 2010 Standards. Accordingly, Defendant's motion to dismiss the ADA claim pursuant to Rule 12(b)(6) is DENIED.

The Court notes that the SAC repeatedly states that the issue of whether accessible rooms

2

are "comparable" is a jury issue. *See, e.g.,* Dkt. 43 at ¶¶ 6, 16, 21. By denying Defendant's motion to dismiss the ADA claim, the Court does not intend to signal that it agrees with Plaintiff's suggestion that this issue cannot be resolved on summary judgment. If there is no genuine dispute of material fact that Defendant has dispersed accessible rooms in accordance with Section 224.5 of the 2010 Standards, Defendant may seek summary judgment on the issue.[1]

### B. Unruh Act claim

In its September 5, 2019 order, the Court held that the FAC failed to state a claim under the Unruh Act for two reasons: (1) the Unruh Act claim in the FAC was predicated on Plaintiff's ADA claim, which the Court dismissed with leave to amend in the September 5 order; and (2) Plaintiff had not pleaded facts showing that she is a "person[] within the jurisdiction of this state" for purposes of bringing an Unruh Act Claim. Dkt. 52 at 7-9.

Because the Court finds that Plaintiff has stated an ADA claim in her SAC, her Unruh Act claim cannot be dismissed simply because it is predicated on the ADA claim. However, Plaintiff has not added any allegations to the SAC to support a finding that she is a "person[] within the jurisdiction of this state," and therefore her Unruh Act claim still fails for the second reason explained in the Court's September 5, 2019 order. Plaintiff has been unable to cure this defect despite opportunities to do so. Accordingly, Plaintiff's Unruh Act claim is DISMISSED WITHOUT LEAVE TO AMEND.

## II. CONCLUSION

For the reasons discussed in this order, Defendant's motion to dismiss Plaintiff's ADA claim under Rule 12(b)(1) or 12(b)(6) is DENIED. Defendant's motion to dismiss Plaintiff's

////

////

////

////

---

[1] A forthcoming order in the related case, Case No. 19-cv-5559-SVK, consolidates that case with this one and indicates that summary judgment, if appropriate, may be filed after the responsive pleading in the consolidated action.

3

Unruh Act claim is **GRANTED WITHOUT LEAVE TO AMEND**. The forthcoming order in the related case, Case No. 19-cv-05559-SVK, sets forth the schedule for Plaintiff to file a consolidated third amended complaint and for Defendant to file a response to that complaint.

**SO ORDERED.**

Dated: December 23, 2019

SUSAN VAN KEULEN
United States Magistrate Judge