UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AJU HOTEL SILICON VALLEY LLC,<br><br>　　　　Defendant. | Case No. 19-cv-00411-SVK<br><br>**ORDER ON JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 67 |

　　　　The Parties' discovery letter regarding a joint site inspection and production of documents is before the Court. Dkt. 67. This matter may be resolved without a hearing. Civil L.R. 7-1(b). Having reviewed the arguments, the relevant facts and law, as well as General Order 56 ("GO 56"), the Court **GRANTS** Plaintiff's motion to compel the site inspection and production of initial disclosure documents. The Court further **ORDERS** the parties to meet and confer as directed below.

　　　　In this action, Plaintiff alleges that certain room types are not available as ADA compliant. Dkt. 54. Specifically, Plaintiff alleges that Defendant does not offer comparable mobility accessible rooms to the King Studio, Penthouse Suite, Saint Claire Suite and Palm Suite residential Suite. *Id*. at 2. Plaintiff affirmatively alleges that Defendant offers other standard rooms and other suites that appear to be ADA compliant. *Id*. at 3-4. Defendant's argument, adopted here from other cases in this District, is that the issue in dispute is limited to whether certain specific rooms, e.g., the Penthouse Suite, are available, and that neither a site inspection nor a full production of documents referred to in GO 56 § 4, is necessary to answer that question. Dkt. 67 at 3.

　　　　Defendant's description of the relevant issue is too narrow for the case here. As argued extensively in previous motions, the crux of the dispute in this case is whether the ADA compliant

standard and suite rooms are "comparable" to the non-ADA compliant king and suite rooms, as contemplated by Section 224.5 of the 2010 Standards of Accessible Design. *See* Dkt. 53 ("Order on Motion to Dismiss Second Amended Complaint.") To assess the issue of "comparability," a site inspection is necessary. Accordingly, because Plaintiff alleges an issue of comparability between certain room types which are and are not ADA compliant, Plaintiff is entitled to a site inspection and document production as provided in GO 56.

In the other cases in this District referenced above, defense counsel has raised travel restrictions arising from the COVID-19 crisis as a reason to dispense with the joint site inspection. A review of current restrictions in place demonstrates that neither Florida nor California are currently restricting travel for business purposes, and California is not currently restricting access to hotels, such as the site at issue here. *See generally* Santa Clara County Department of Public Health Orders at https://www.sccgov.org/sites/covid19/Pages/public-health-orders.aspx; Miami-Dade County Emergency Orders at http://www.miamidade.gov/global/initiatives/coronavirus/emergency-orders.page. However, notwithstanding the absence of formal restrictions, it is reasonable to consider that travel may not be advisable at this time. Accordingly, the Parties are to promptly meet and confer to agree upon a date within 45 days of the date of this order and a mechanism for the site inspection, including, by way of example, the feasibility of one party inspecting the property and the other party participating via the use of live-stream video. Relevant documents as identified in GO 56 § 4 are to be produced by **July 31, 2020**.

**SO ORDERED.**

Dated: July 22, 2020

SUSAN VAN KEULEN
United States Magistrate Judge